UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **DENISE MORGAN,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    vs. | )    **CASE NO. 6:13-CV-0734-SLB** |
| | ) |
| **CAROLYN W. COLVIN,** Acting | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Denise Talley Morgan brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's final decision denying her application for a period of disability and disability insurance benefits ["DIB"]. Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be reversed and remanded for further proceedings.

## I. PROCEDURAL HISTORY

Ms. Morgan protectively filed an application for a period of disability and DIB on July 2, 2009. (Doc. 6-3 at R.20.)[1] Her claims were denied initially. (Doc. 6-5 at R.104, R.109.) Thereafter, she requested a hearing before an Administrative Law Judge ["ALJ"], which was held on June 29, 2012. (Doc. 6-5 at R.112; doc. 6-3 at R.20, R.51.) After the hearing, the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Reference to a page numbers in the Commissioner's record, ["R.___"], refers to the page number assigned to the record by the Commissioner.

ALJ found that Ms. Morgan was able to perform her past relevant work as care coordinator as she actually performed the job. (Doc. 6-3 at R.44.) Therefore, he denied Ms. Morgan's application for a period of disability and DIB on April 14, 2011. (*Id.* at 44-45.)

Ms. Morgan then requested review of the ALJ's decision by the Appeals Council and submitted additional evidence. (*Id*. at R.15.) The Appeals Council "found no reason under [its] rules to review the [ALJ]'s decision," and it denied Ms. Morgan's request for review. (Doc. 6-3 at R.1.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*See id*.)

Following denial of review by the Appeals Council, Ms. Morgan filed an appeal in this court. (Doc. 1.)

## II.  **STANDARD OF REVIEW**

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and

supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cor. 1990)(quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983))(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal quotations and citations omitted)

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. <u>DISCUSSION</u>

**A. THE FIVE-STEP EVALUATION**

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability and DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). An individual is considered to be disabled for purposes of determining eligibility for DIB if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can

be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416 (i)(1)(A). The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[2] 20 C.F.R. § 404.1572; 20 C.F.R. § 416.972. If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 404.1520(b). "Under the first step, the claimant has the burden to show that she

---

[2]The regulations state:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (2012).

The ALJ found "[t]here is no evidence that [Ms. Morgan] has engaged in substantial gainful activity since her alleged date of onset of disability of May 2008." (Doc. 6-3 at R.23, R.40.)

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R.

§ 404.1521(a). A complainant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523. A claimant has the burden to show that she has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Morgan had the following severe impairments: "fibromyalgia, chronic urinary tract infections; irritable bowel syndrome; and diverticulosis." (Doc. 6-3 at R.40.) He found that depression was not a severe impairment. (*Id.*)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d). The claimant has the burden of proving that her impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Morgan did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.  (Doc. 6-3 at R.42.)

### 4.  Residual Functional Capacity and Past Relevant Work

If the impairment or combination of impairments does not meet or equal the criteria of a Listing, the claimant must prove that her impairment or combination of impairments prevents her from performing her past relevant work.  *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f).  At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work.  20 C.F.R. § 404.1560(b).  "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it.  20 C.F.R. § 404.1560(b)(1).  If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled.  20 C.F.R. § 404.1560(e).  The claimant bears the burden of establishing that the impairment or combination or impairments prevents her from performing past work.  *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Morgan could perform a limited range of light work; he found:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she cannot do any driving; she must be able to sit or stand at her option; she cannot work at unprotected heights; she can only occasionally bend and stoop; she cannot do any pushing or pulling

with her upper or lower extremities; and she is restricted to work in a temperature-controlled environment.

(*Id*. at R.42.)  The ALJ found that Ms. Morgan could perform "her past relevant sedentary work as a care coordinator as she actually performed the job."  (*Id*. at R.44.)

### 5.  Other Work in the National Economy

If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant – in light of her RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy.  *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 404.1520(c)(1).   The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work.  We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience.  Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1).  If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled.  20 C.F.R. § 404.1520(f).  If, however, the Commissioner finds that the claimant can perform other work, the claimant has the burden of proving she in not capable of performing such other work.

Because he found Ms. Morgan was capable of performing her past relevant work, the ALJ did not address whether other jobs existed in the national economy that an individual of Ms. Morgan's age and with her RFC, education, and work experience could perform.

## B.  MS. MORGAN'S APPEAL

### 1.  Social Security Ruling 12-2p

Ms. Morgan contends that this case should be remanded for reconsideration based on Social Security Ruling, SSR 12-2p, *Evaluation of Fibromyalgia*, 2012 WL 3104869 (July 25, 2012)[hereinafter SSR 12-2p].  She contends:

> Pending the AC's February 13, 2013, decision in this case, the Social Security Administration issued a new ruling, SSR 12-2p, which became effective July 25, 2012.  In this new ruling the Commissioner acknowledges that fibromyalgia is a common syndrome in which a person has long-term, body-wide pain and tenderness in the joints, muscles, tendons, and other soft tissues.  It also acknowledges that this condition has also been linked to fatigue, sleep problems, headaches, depression, and anxiety.  This ruling "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment . . . and how we evaluate fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act."  [SSR 12-2p at *1.]  The new ruling also dictates how the Commissioner must consider fibromyalgia in the sequential evaluation process.  See SSR 12-2p generally.
>
> SSR 12-2p requires that at step 3 of the sequential evaluation process, the Commissioner must consider "whether a person's impairment(s) meets or equals the criteria of any of the listings of the Listing of Impairments in appendix 1, subpart P, of 20 CFR Part 404 (appendix 1). Fibromyalgia ("FM") cannot meet a listing in appendix 1 because FM is not a listed impairment.  At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment."  See Section VI.C. of SSR 12-2p [at *6].

> This case may not have been pending before the ALJ on SSR 12-2p's effective date of July 25, 2012, but it was certainly pending before the AC on that date. According to 20 C.F.R. § 402.3(b)(1), SSR 12-2p is "binding on all components of the Social Security Administration," which would include the AC. See *Blea v. Barnhart*, 466 F.3d 903, 909 (10th Cir. 2006)(involving SSR 83-20 and that regulation). Denial of a request for review by the AC is also part of the "final decision" of the Commissioner. *Ingram v. Commissioner*, 496 F.3d 1253 (11th Cir. 2007). The AC therefore erred when it failed to review the claimant's fibromyalgia under the new FM ruling when it denied review on February 13, 2013. (T1).
>
> When the case was before the ALJ there was no Step 3 analysis regarding the claimant's fibromyalgia to see whether plaintiff's FM, alone or in combination with her other severe impairments, would meet or equal listing 14.09D for inflammatory arthritis or any other listing. In view of the new rule requiring such a Step 3 review of FM, the AC should have either made that Step 3 analysis itself or remanded the case to the ALJ for him to do so. It did neither and the Commissioner's decision is due to be reversed

(Doc. 9 at 12-14.) The Commissioner argues that remand is not necessary because Ms. Morgan has not shown that her severe impairments are medically equivalent to a Listing and, "Although SSR 12-2p was not issued until after the ALJ's decision, the ALJ still properly considered whether Plaintiff's impairments medically equaled a listed impairment, consistent with SSR 12-2p (Tr. 17-18)[3]." (Doc. 11 at 7.)

The court disagrees with the Commissioner's contention that the ALJ "properly considered" whether Ms. Morgans impairments, alone or in combination, medically equaled a listed impairment. SSR 12-2p provides:

---

[3]These pages contain the ALJ's Notice of Decision – Unfavorable, which is the cover letter for his decision. (*See* doc. 6-3 at R.17-R.18.) It contains no discussion of the merits of Ms. Morgan's claim. (*Id.*)

> At step 3, we consider whether the person's impairment(s) meets or medically equals the criteria of any of the listings in the Listing of Impairments in appendix 1, subpart P of 20 CFR part 404 (appendix 1). [Fibromyalgia] cannot meet a listing in appendix 1 because [fibromyalgia] is not a listed impairment. At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.

SSR 12-2p at 6. In setting forth his decision regarding whether Ms. Morgan's impairment or combination of impairments met a Listing, the ALJ stated, "The claimant's attorney does not contend that any listing is met or equaled, and I concur in that assessment." (Doc. 6-3 at R.42.) This statement is inadequate to demonstrate that the ALJ "properly considered" other Listings such that his decision in consistent with SSR 12-2p.

The court finds that this matter should be reversed and remanded to the Commissioner for consideration of Ms. Morgan's claim for disability benefits in the manner provided in SSR 12-2p. In a similar case, this court has held:

> SSR 12-2p provides instruction on how an ALJ should develop evidence and assess fibromyalgia in disability claims. The ALJ found that Ms. Holman's fibromyalgia was a severe impairment at step two of the evaluation process. However, the ALJ did not have the benefit of SSR 12-2p while considering whether Ms. Holman's fibromyalgia is disabling. SSR 12-2p provides guidance for evaluating whether fibromyalgia medically equals a listing alone or in combination with other impairments. Further, SSR 12-2p states that when making an RFC determination, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days.'"[4] SSR 12-2p,

---

[4]In Ms. Morgan's case, the ALJ gave "greater weight" to the opinion of a one-time consultative examiner than to the opinion of Ms. Morgan's treating physician. (Doc. 6-3 at R.44.)

>   2013 WL 3104869, at *6.  Additionally, when determining whether a claimant is capable of doing any past relevant work or any other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to "be alert to the possibility that there may be exertion or nonexertional" limitations, such as postural or environmental limitations, that may impact the analysis.  *Id*.
>
>   The Court cannot determine whether the ALJ would or should have reached different results at steps three, four, and five of the sequential analysis had his decision been informed by SSR 12–2p.  Therefore, remand to the Commissioner is proper for the ALJ to evaluate Ms. Holman's fibromyalgia under SSR 12–2p.

*Holman v. Colvin*, No. 4:13-CV-00502-MHH, 2014 WL 4458902, *4-*5  (N.D. Ala. Sept. 8, 2014)(Haikala, J.)(footnote added).  Other courts in like procedural circumstances have remanded cases for reconsideration in light of SSR 12-2p.  *See Johnson v. Colvin*, No. 1:14cv149-WS, 2015 WL 1931218, *11 (N.D. Fla. Apr. 27, 2015)(citing *Dry v. Comm'r. Soc. Sec. Admin.*, Civil No. SAG-133168, 2014 WL 6983402 (D. Md. Dec.9, 2014); *Holman*, 2014 WL 4458902; *Iles v. Colvin*, Case No. CIV-13-221-F, 2014 WL 1330010 (W.D. Okla. Mar. 31, 2014); *Schuster v. Colvin*, Civil Action No. 13-cv-0718-WJM, 2014 WL 803461 (D. Colo. Feb. 28, 2014)); *Harris v. Commissioner, Social Sec.*, No. Civ. GLR-14-2220, 2015 WL 1036029, *2 (D. Md. Mar. 9, 2015)(citing, *inter alia*, *Lillard v. Commissioner, Social Sec.*, No. Civ. JKB-13-1458, 2014 WL 2004710 (D. Md. May 14, 2014).

Therefore, this matter will be reversed and remanded to the Commissioner for further proceedings in accordance with SSR 12-2p.  The Commissioner may order additional testing

and/or may request additional information from medical sources of record, in addition to any other action she deems appropriate.

### 2. Treating Physician

Ms. Morgan contends that the Commissioner's decision is due to be reversed because the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Billy Salser. Because the Commissioner will be required to reassess the evidence on remand in light of the considerations and instructions set forth in SSR 12-2p, the court declines to decide whether the ALJ erred in discounting the opinion of Dr. Salser.

### CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be reversed and this cause remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion. An Order in conformity with the Memorandum Opinion will be entered contemporaneously.

Done this 16th day of June, 2015.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE